UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LORENA VELASQUEZ, and Children's A.V., daughter;
E.V., son; G.V, M.V., J.V., son;

            Plaintiff,

   -against-

THE SUFFOLK COUNTY POLICE, POLICE OFFICER
SMITH, and Badge #70, Supervisor;

            Defendants.
-----------------------------------------------------------------------X

For Electronic Publication Only

FILED
CLERK
12/9/2024 2:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
24-CV-7181 (JMA)(LGD)

**JOAN M. AZRACK, District Judge:**

  Presently before the Court is *pro se* Plaintiff Lorena Velasquez's application to proceed *in forma pauperis* ("IFP") in this tenth action she has filed in this Court.[1] (ECF No. 2.) Upon review and for the following reasons, Plaintiff's financial status does not qualify her to commence this action without payment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed IFP is DENIED. Plaintiff is directed to pay the $405 filing fee by **December 23, 2024**, for this case to proceed.

  To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins*

---

[1] The Court dismissed Plaintiff's nine prior actions. *See Velasquez v. Social Security Admin.*, 19-CV-4655(JMA) (dismissed for failure to prosecute); *Velasquez v. Social Security Admin.*, 19-CV-4820(JMA) (same); *Velasquez v. Suffolk Police et al.*, 19-CV-5368 (JMA) (AKT) (dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); *Velasquez v. Suffolk Cnty. Police, et al.*, 20-CV-00791 (JMA) (AKT) (dismissed for failure to prosecute); *Velasquez v. William Floyd School Dist., et al.*, 20-CV-1329 (JMA) (AKT) (same); *Velasquez v. 7th Precinct, et al.*, 20-CV-2188 (JMA) (AKT) (dismissed with "warning that the Court hopes will deter plaintiff from further frivolous filings. Should she persist in filing frivolous *in forma pauperis* complaints in this Court, she will be directed to show cause why an order barring the acceptance of any future *in forma pauperis* complaints for filing in the Court without first obtaining leave of Court should not be entered. *See* 28 U.S.C. § 1651."); *Velasquez v. Comm. of Soc. Security,* 22-CV-6777 (JMA) (dismissed for failure to exhaust administrative remedies); *Velasquez v. Comm. of Soc. Security,* 24-CV-2035(JMA) (dismissed for failure to prosecute); *Velasquez v. O'Malley*, 24-CV-4969 (JMA) (consolidated with 24-CV-2035 and dismissed).

*v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-CV-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024) (quoting *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining that IFP application denials are reviewed for abuse of discretion); *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (describing the "benefits" of granting district courts discretion for adjudicating IFP applications). The Court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that her spouse earns gross monthly wages in the sum of $4,800 and that she has $2,000 in a joint checking account and $40 in cash. (ECF No. 2 ¶¶ 2, 4.) Plaintiff also reports ownership of four automobiles and included "our house 300,000" in her statement of assets. (*Id.* ¶ 5.) Plaintiff reports a monthly mortgage payment in the sum of $1,600 and other regular monthly living expenses that total $1,380. (*Id.* ¶ 6.)

Given Plaintiff's reported savings, income, and expenses, she is disqualified from IFP status. That is, Plaintiff's reported financial position does not indicate that paying the $405 filing fee would deprive her of the ability to maintain "the necessities of life." *Adkins*, 335 U.S. at 339. "If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints

posed if he pursues [his position] against the merits of his case,' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)); *see also Wrenn v. Benson*, 490 U.S. 89, 90 n. 4 (1989) (*per curiam*) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency).

**Accordingly, Plaintiff's motion to proceed IFP is DENIED and she is directed to pay the $405 filing fee by December 23, 2024, or the Complaint will be dismissed without prejudice**. Plaintiff is warned that there can be no refund of the filing fee, regardless of the outcome of the case. *See Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-CV-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020). Accordingly, Plaintiff is advised to consult an attorney or to avail herself of the free legal resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Plaintiff may schedule an appointment there by calling (631) 297-2575 or by emailing PSLAP@Hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to note such mailing on the docket.

SO ORDERED.

Dated:     December 9, 2024
           Central Islip, New York

/s/ JMA
Joan M. Azrack
United States District Judge

3